**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02968-NYW

RAYMUNDO GURROLA,

      Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S OFFICE,
JEFF SHRADER, in his individual and official capacities, and
WELLPATH,

      Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

      This matter comes before this court on Defendants Jefferson County Sheriff's Office (the "Department"), Jefferson County Sheriff Jeff Shrader,[1] ("Defendant Shrader" and collectively with the Department, the "Sheriff Defendants") and Wellpath's (collectively with the Sheriff Defendants, "Defendants") Motion to Stay Discovery and Vacate Scheduling Conference Pending Determination of Qualified Immunity and Motions to Dismiss (or "Motion to Stay") [#29, filed January 21, 2021]. This action is before the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c); the unanimous Consent of the Parties [#15, #20, #27]; and the Order of Reference dated November 16, 2020 [#21]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it and **ORDERS** that Defendants' Motion to Stay is **GRANTED**.

---

[1] The Clerk of the Court is **DIRECTED** to amend the case caption to reflect the correct spelling of Defendant Jeff Shrader's surname. *See* [#29 at 1 n.1].

## BACKGROUND

Plaintiff Raymundo Gurrola ("Plaintiff" or "Mr. Gurrola") is an inmate currently in the custody of the Colorado Department of Corrections ("CDOC") and formerly incarcerated at the Jefferson County Detention Facility. *See* [#1; #32]. Proceeding pro se,[2] Mr. Gurrola initiated this action on September 30, 2020, by filing a Prisoner Complaint against Defendants for "cruel and unusual punishment" premised on Defendants' alleged failure to properly address the threats of COVID-19 exposure and/or infection at the Jefferson County Detention Facility. *See generally* [#1]. While not entirely clear from the Complaint, Mr. Gurrola appears to assert a single deliberate indifference/conditions of confinement claim against the Defendants in their individual and official capacities pursuant to 42 U.S.C. § 1983, and seeks relief in the form of monetary damages. [*Id.*].

On October 2, 2020, the Honorable Gordon P. Gallagher issued an Order Drawing Case and this case was assigned to the undersigned. *See* [#5]. Mr. Gurrola filed his consent to the jurisdiction of a magistrate judge on October 26, 2020 [#15], and the Sheriff Defendants and Wellpath subsequently consented to this court's jurisdiction on November 16 and December 18, 2020, respectively. *See* [#20, #27].

On December 7, 2020, the Sheriff Defendants filed a Motion to Dismiss Plaintiff's Complaint (the "Sheriff Defendants' Motion to Dismiss"). [#23]. In their pending Motion to Dismiss, the Sheriff Defendants assert qualified immunity and seek dismissal of Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [*Id.*].

---

[2] Because Mr. Gurrola proceeds pro se, this court affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

On December 31, 2020, Wellpath filed its Motion to Dismiss Plaintiff's Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Wellpath Motion to Dismiss"). [#28]. Therein, Wellpath seeks dismissal with prejudice of all claims against it (a) for failure to plead a constitutional violation caused by Wellpath and/or a Wellpath policy or custom that led to Mr. Gurrola's injuries; and (b) because Wellpath, as a healthcare provider, is immune from liability pursuant to the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6e (2006) (the "PREP Act"). [*Id.*].

On January 21, 2021, Defendants filed the instant Motion to Stay, seeking to stay this matter and vacate the Scheduling Conference set for January 28, 2021, and all associated deadlines, pending resolution of their Motions to Dismiss. [#29]. By Minute Order dated January 22, 2021, this court vacated and reset the Scheduling Conference for March 8, 2021, and ordered Mr. Gurrola to respond to the Defendants' Motion to Stay by no later than February 11, 2021. [#30]. Shortly thereafter, a Certificate of Service by Mail was filed by the Clerk of Court, indicating that copies of this court's [#30] Minute Order were mailed to Mr. Gurrola at his last known address. [#31].

Later that same day, Mr. Gurrola filed a Notice of Change of Address. [#32, filed January 22, 2021]. Therein, Mr. Gurrola explained that he had been recently transferred from the Jefferson County Detention Facility and was "advised by the facility deputies that [he] would remain in there custody for 2 weeks then transfored to another facility." [*Id.*]. Mr. Gurrola provided his new address and promised to "keep the court posted on any further changes." [*Id.*].

On February 2, 2021, the copies of this court's [#30] Minute Order sent to Mr. Gurrola on January 22, 2021 were returned undeliverable. *See* [#33]. The Clerk of Court subsequently re-mailed the same documents to the address provided by Mr. Gurrola in his Notice of Change of Address, *see* [#34, filed February 2, 2021], but the re-mailed copies were also returned as

3

undeliverable one week later, *see* [#35].  Defendants filed a "Notice of Plaintiff's Failure to Respond to Motion to Stay Discovery and Vacate Scheduling Conference Pending Determination of Qualified Immunity and Motions to Dismiss" (or "Notice of Failure to Respond") on February 24, 2021. [#36].  Therein, Defendants explain that Plaintiff has failed to respond to the Motion to Stay and "maintain based on the arguments in their Motion to Stay," that this court should stay this matter and vacate the Scheduling Conference set for March 8, 2021. [*Id.* at 2].  I turn now to consider the arguments raised in Defendants' Motion to Stay.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at \*2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).

Whether to stay discovery is a matter left to the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United*

*Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).  The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).  Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## ANALYSIS

Defendants seek to stay discovery in the instant action pending resolution of their respective Motions to Dismiss.  In so doing, Defendants do not address the *String Cheese* factors in the instant Motion to Stay.  [#29].  Instead, Defendants rely on Defendant Shrader's invocation of qualified immunity, arguing that "the Supreme Court of the United States has determined the fact [sic] not all defendants raise qualified immunity is an insufficient basis to deny a stay on qualified immunity grounds," [*id.* at 3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009))], and asserting that "[t]his Court has regularly stayed discovery for all defendants when qualified immunity is asserted based on *Iqbal*," [*id.* at 3–4 (citing *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *3 (D. Colo. May 28, 2015); *Eggert v. Chaffee Cty.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010))].[3]

---

[3] This court notes that, in citing to the foregoing District of Colorado decisions, Defendants aver that "[a]ll unpublished decisions are attached and provided to the Plaintiff pursuant to

***Qualified Immunity.***  Section 1983 of Title 42 of the United States Code "allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law."  *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013)).  The defense of qualified immunity is available to individual defendants named in a § 1983 action, and "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."  *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted).  Generally, after the defendant asserts qualified immunity, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *Estate of Booker*, 745 F.3d at 411 (quoting *Cillo*, 739 F.3d at 460).

Immunity provisions, whether absolute or qualified, serve to spare officials from unwarranted liability as well as "demands customarily imposed upon those defending a long drawn out lawsuit," and are "effectively lost if a case is erroneously permitted to go to trial."  *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting in part *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)).  With respect to qualified immunity, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained:

> Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability. . . .  Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation.  *Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.*

---

D.C.Colo.LCiv.R [sic] 7.1(e)." [#29 at 4 n.2].  However, contrary to Defendants' assertion, no exhibits or attachments have been filed on the docket with the instant Motion to Stay.

*Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original)). But the invocation of qualified immunity does not automatically lead to a stay. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004); *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). *But see Tenorio v. Pitzer*, No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013).

At the outset, this court notes that the court in both *Lincoln* and *Eggert*, the two District of Colorado cases relied on by Defendants, applied the *String Cheese* factors to determine that a stay of discovery was appropriate in those cases and, in so doing, found that "any potential prejudice to Plaintiffs [was] outweighed by the burden the defendants would face if forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised." *Lincoln*, 2015 WL 3413271, at *2. *See also Eggert*, 2010 WL 3359613, at *3 ("While Plaintiffs desire to proceed expeditiously is understandable, it does not outweigh the burden on the defendants who have asserted immunity defenses.").

Nevertheless, in certain instances, courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit. *See, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1–2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case") (citation omitted). Here, the invocation of qualified immunity may be dispositive of Plaintiff's individual capacity claim against Defendant Shrader, but Defendant Shrader cannot

invoke qualified immunity as a defense to suit in his official capacity,[4] and neither the Department nor Wellpath may invoke qualified immunity as a defense to suit. *See Sanchez v. City & Cty. of Denver, Colo.*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *4 (D. Colo. Feb. 26, 2020). Given that the successful invocation of qualified immunity here would still not dispose of the Complaint in its entirety because qualified immunity does not apply to Plaintiff's claims brought against the Department, Wellpath, or Defendant Shrader in his official capacity, I turn now to consider whether the *String Cheese* factors weigh in favor of a stay.

**String Cheese *Factors*.**  Upon application of the *String Cheese* factors to the instant action, I find that the balance of the factors warrants a stay of discovery. *See, e.g.*, *Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *3 (D. Colo. Oct. 8, 2019) (granting motion to stay in light of *String Cheese* factors). I consider each factor in turn.

Factor One.  As to the first *String Cheese* factor, I conclude that Plaintiff's interests are neutral at best at this juncture.  Though Mr. Gurrola may have an interest in expeditiously proceeding in this matter, to proceed now without his participation is untenable.  Mr. Gurrola previously alerted the court to his anticipated changes in facility, signaling his interest in prosecuting this matter and understanding of his obligations.  [#32].  Thus, staying the matter for at least a limited period of time might afford Mr. Gurrola an opportunity to reach his permanent CDOC placement and participate in this matter.  I turn now to consider whether the burden to Defendants under factor two outweighs Plaintiff's interests in the expeditious litigation of his claims.

---

[4] *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent.").

Factor Two.  As to the second *String Cheese* factor, this court finds that it weighs strongly in favor of a stay for two reasons.  First, Mr. Gurrola's transfer(s) between various CDOC facilities has stymied correspondence with Mr. Gurrola concerning this action.  *See* [#32, #33, #34, #35].  For example, legal correspondence between this court and Mr. Gurrola has been returned undeliverable, *see* [#30, #31, #33, #34, #35], including copies of this court's January 22, 2021 Minute Order, whereby the undersigned ordered Mr. Gurrola to respond to the instant Motion to Stay by no later than February 11, 2021.  Two weeks after his deadline to do so, Mr. Gurrola has failed to respond to the Motion to Stay and, to date, has not responded to any of the pending Motions in this matter. *See* [#36].  Absent participation from Mr. Gurrola, this case cannot proceed. It certainly follows that Defendants will be unduly burdened by participating in this matter unilaterally.

Second, Defendant Shrader does invoke qualified immunity.  And, while Defendants do not raise this issue, this court notes that Wellpath asserts immunity pursuant to the PREP Act [#27], and the Sheriff Defendants also challenge the Complaint on jurisdictional grounds [#23].  Thus, while either ground here is insufficient on its own to dispose of the entire action, the immunity and jurisdictional arguments aggregated and set forth in the Motions to Dismiss—if granted—would resolve the instant action in its entirety.  Indeed, courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues,", *Clarendon*, 2019 WL 1897845, at *2, and have generally favored stays where a pending dispositive motion would completely dispose of the action pursuant to qualified immunity, *see, e.g.*, *Lopez*, 2020 WL 417590, at *1–2, or jurisdictional grounds, *see, e.g.*, *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-CV-02640-REB-MKT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013).  Accordingly, I find that factor two weighs strongly in favor of a stay.

Factor Three.  As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), here Defendants invoke immunity and/or assert jurisdictional grounds for dismissal of all of Plaintiff's claims.  *See* [#23, #27].  Given the pending dispositive motions, and Mr. Gurrola's lack of participation in this action, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through discovery.  I find that factor three weighs in favor of granting the stay.

Factors Four and Five.  As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral.

In sum, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motions to Dismiss [#23, #27].  Accordingly, the Motion to Stay is **GRANTED**, discovery in this matter is hereby **STAYED**, and the Scheduling Conference for March 8, 2021 at 2:30 p.m. is **VACATED.**

## CONCLUSION

Based on the foregoing considerations, **IT IS ORDERED** that:

(1)    Defendants Jefferson County Sheriff's Office, Jeff Shrader, and Wellpath's Motion to Stay Discovery and Vacate Scheduling Conference Pending Determination of Qualified Immunity and Motions to Dismiss [#29] is **GRANTED**;

(2)    All discovery in this matter is hereby **STAYED** pending resolution of the pending Motions to Dismiss [#23, #27];

(3)    The Scheduling Conference set for March 8, 2021 at 2:30 P.M. is hereby **VACATED**;

(4)     Within three (3) business days of the disposition of the pending Motions to Dismiss [#23, #27], to the extent any claims against the Defendants survive, counsel for Defendants shall **CONTACT** the chambers of the undersigned to schedule a Status Conference to discuss further discovery and scheduling; and

(5)     A copy of this Order, marked as legal mail, be sent to the following:

> Raymundo Gurrola
> #190044
> Centennial Correctional Facility (CCF)
> P.O. Box 600
> Canon City, CO 81215
>
> Case Manager for Raymundo Gurrola
> #190044
> Centennial Correctional Facility (CCF)
> P.O. Box 600
> Canon City, CO 81215

DATED: February 25, 2021                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge